The Honorable Steve Ehlmann Representative, District 19 State Capitol Building, Room 201E Jefferson City, Missouri 65101
Dear Representative Ehlmann:
This opinion letter is in response to your question asking:
 Is there any constitutional or statutory authority authorizing first-class, non-charter counties to enact a supplemental budget?
Article VI, Section 24, Missouri Constitution provides:
 Section 24. Annual budgets and reports of local government and municipally owned utilities — audits. As prescribed by law all counties . . . shall have an annual budget. . . .
The County Budget Law is found in Sections 50.525 through50.745, RSMo 1986. Section 50.540.1, RSMo 1986, requires "each department, office, institution, commission, or court of the county" in first-class counties to submit to the county budget office by September 1 of each year estimates of its expenditures and estimated revenues for the next budget year. Section50.540.4, RSMo 1986, requires the budget officer of a first-class county to transmit the budget document to the county commission by November 15. Section 50.550, RSMo 1986, requires: "The annual budget shall present a complete financial plan for the ensuing budget year." Section 50.610, RSMo 1986, allows the county commission to revise the budget; however, the final budget shall be adopted and an appropriation order made "at least ten days after the beginning of the fiscal year" with certain exceptions not applicable to your question.
Based upon a review of these provisions, there is no express constitutional or statutory authority for the preparation of a supplemental budget by a first-class, non-charter county. Section 50.610, RSMo 1986, provides: "Any cash surplus at the end of any fiscal year shall be carried forward and merged with the revenues of the succeeding year. Payment of any legal unpaid obligations of any prior year, however, shall be a first charge in the budget against the revenues of the budget year."
As we observed in Attorney General Opinion No. 4, Baker, August 8, 1957, a copy of which is enclosed, the legislative intent behind the County Budget Law is to require county business to operate on a cash basis for the fiscal year January 1 to December 31.
Once the final budget is adopted, a statutory provision for transferring funds is found in Section 50.630, RSMo 1986:
 50.630. County commissions shall have power to authorize the transfer of any unencumbered appropriation balance. — The county commission may authorize the transfer within the same fund of any unencumbered appropriation balance or any portion thereof from one spending agency under its jurisdiction to another; but this action shall be taken only on the recommendation of the budget officer and only during the last two months of the fiscal year, except that transfers from the emergency fund may be made at any time in the manner herein provided.
In State ex rel. Strong v. Cribb, 364 Mo. 1122,273 S.W.2d 246 (1954), while maintaining that the County Budget Law should be strictly enforced, the court observed "[i]t is common knowledge that unforeseen events often occur which require expenditures in excess of the amount assigned . . . ." Id., at 250. The court concluded that certain moneys could be used for unforeseen expenses in a particular fund. Following this decision, this office has issued several opinions relating to unforeseen expenses and unanticipated revenues. See, e.g.
Attorney General Opinion No. 4, Baker, August 8, 1957; Attorney General Opinion Letter No. 74, Reinhard, July 26, 1961; Attorney General Opinion Letter No. 376, Winchell, 1963; Attorney General Opinion Letter No. 221, Eiser, 1963; Attorney General Opinion Letter No. 181, Ashcroft, 1974; copies of which are enclosed.
In Attorney General Opinion No. 302, Kiser, 1964, a copy of which is enclosed, the question presented involved whether revenues exceeding the anticipated and budgeted amount could be used in the current budget year. There, we concluded that because the County Budget Law does not provide for amending or altering the budget once it is established, the obvious legislative intent is that it should not be amended. Therefore, funds received from a special tax levy in excess of the amount budgeted could not be used to change or amend the budgeted amount for the fund.
In direct answer to your question, there is no constitutional or statutory provision authorizing a first-class, non-charter county to enact a supplemental budget. However, in the event of special unforeseen circumstances as discussed in the prior opinions enclosed, it may be possible to amend the budget in response to the special unforeseen circumstance.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion No. 4, Baker, August 8, 1957 Opinion Letter No. 74, Reinhard, July 26, 1961 Opinion Letter No. 376, Winchell, 1963 Opinion Letter No. 221, Eiser, 1963 Opinion Letter No. 181, Ashcroft, 1974 Opinion No. 302, Kiser, 1964